FILED
U.S. BANKRUPTCY COURT
2026 FEB -2 P 2: 57
S.D. OF N.Y.

Christopher Rocco Gizzo
2 Stratton Road
New Rochelle, NY 10804

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION
-----------------------------------------------------X

In re:

Case No. 26-22034
Chapter 13

**Christopher Rocco Gizzo**  MOTION TO EXTEND AUTOMATIC STAY

Debtor (s)

-----------------------------------------------------X

**CHRISTOPHER ROCCO GIZZO,** The Debtor involved in this case before the court, affirms the following under the penalties of perjury.

1. I am the Debtor herein and as such am fully familiar with the facts and circumstances of this case and motion.
2. Debtor filed a pro se petition for Chapter 13 bankruptcy on January 12, 2026.
3. The Debtor previously filed for Chapter 13 Bankruptcy protection on April 11, 2023 (SDNY Case No. 23-22266)
4. The Debtor is an experienced restauranteur who was facing a few creditor challenges including a mortgage issue addressed in prior bankruptcy case.
5. The Debtors prior case was successful in resolving several debts including tax issues and arrears on a vehicle.
6. The debtor through counseling during the court ordered loss mitigation program negotiated an accepted offer to short pay his mortgage as both sides agreed the mortgage exceeded the value of the home and Debtors father provided proof of funds to close the short pay off.
7. Unfortunately, the Debtors career as a restauranteur came to a halt a year into his first bankruptcy when Covid pandemic began.

8. As timing would have it, the creditor while accepting the Debtor's short pay, required an interior appraisal of the property but the creditor could not locate an appraiser in 2020 until spring 2021. The Debtor obtained his own appraisal but because the bank had to use one of only a select pool of approved appraisers and could not use the Debtor's appraisal report caused extensive delays in being able to resolve the matter at that time.
9. By the time the creditor had its up-to-date appraisal, after over a year of waiting, the Debtors Father needed to reinvest the funds offered to the bank or face tax consequences of his own, the deal ultimately fell apart hence the extended delays on the part of the bank.
10. In September 2022 the Debtors case was dismissed for failing to make payments.
11. The Debtor was still willing to come back with a short pay off which the creditor had last indicated was still open for discussion.
12. As mentioned previously, the Debtor was unable to come up with the short pay after much delay, inevitably had to file Bankruptcy for the second time on April 11th,2023 to allow time to organize funds for the short pay off and or renegotiation with the bank for a sensible term mortgage.
13. The second Bankruptcy was dismissed on April 15th,2025 due to not adequately funding the Chapter 13 plan. The payments had stopped due to the fact the Debtor had a commitment for a loan pay off and confident the matter would be resolved within a short period of time thereafter.
14. Since then, with the intension of resolving the matter with a sensible short pay off structure, the bank insisted on conducting another appraisal which was done last July 2025. The Banks most recent appraisal came in much less than the previously agreed amount and this has been an important facet since the most recent negotiations in ladder 2025.
15. The Debtor has been working on projects to help yield additional income. The Debtor is in-between hospitality Management / ownership positions but has a solid financial base with family support including affidavits of contribution.
16. The Debtor is also planning on resolving a credit card debt with American Express who offered a lower payoff between bankruptcy cases.
17. The undersigned, based upon information and belief, avers that the Debtor does have the potential to obtain funding from family and or friends / colleagues and could have a successful reorganization through bankruptcy and stay in their cherished home if stay is imposed.
18. The Debtor has owned and lived in his home at 2 Stratton Road, New Rochelle New York since May 2002. The home and property have been his family for forty-five years. The Debtor currently resides with his life partner, their eleven-year-old son and three pets.
19. Pursuant to 11 U.S.C. 362 (C)(3)(B), the Court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitation as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period.

20. The Debtor filed bankruptcy twice in the past. First time (SDNY case No. 19-2205), and but-for- Covid would have had a confirmed case in his prior bankruptcy. The second Bankruptcy case (SDNY 23-22266) would have finalized successfully in 2025 if the bank was more responsive and would honor the current value of the home as per the most recent appraisal the bank conducted in July 2025. Debtor strongly feels this matter can be resolved as there is very promising steady income in the near future which will allow for a sensible short pay off of the mortgage and resolution of any other outstanding debts which are minimal.
21. The Debtor has filed all required schedules, statements, and proposed plan.
22. Without an extension of automatic stay, "Shellpoint / Bank Of New York Melon" may proceed with foreclosure, causing irreparable harm to the Debtor.
23. The property is the Debtor's primary residence, and its preservation is essential to Debtor's reorganization.
24. Extending the stay will not prejudice creditors, as they remain adequality protected and the Debtor intends to remain current and resolve all matters on post-petition obligations.
25. The Debtor recently had their property taxes grieved in 2025 lowering the property taxes significantly by over $12,000.00 annually along with lowering the Homeowners Insurance by $5000.00 annually due to overassessment of value of the home and property.
26. This Motion is filed within the thirty (30) days of the petition date as required by 11 U.S.C. 362(C)(3)(B)
27. By virtue of the foregoing, cause exists to continue the automatic stay against all creditors pursuant to 11 U.S.C. 362(C)(3)(B).

I affirm this 2nd day of February 2026, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

Pursuant to 28 U.S.C. 1746(2), I declare under the penalty of perjury under the laws of the Unites States of America and the State of New York that the foregoing is true and correct.

**WHEREFORE,** it is respectfully requested that the Court enter as Order imposing and extending the automatic stay pursuant to the inherent powers of the court under 11 U.S.C. 105 and pursuant to 11 U.S.C. (C)(3)(B) continuing the automatic stay against all creditors in the instant bankruptcy proceedings and granting such other and further relief as the Court deems just and proper.

Dated: New Rochelle, NY
February 2nd, 2026

By: Christopher Rocco Gizzo
2 Stratton Road, New Rochelle, NY 10804
(914) 552-0290
christophergizzo@gmail.com